UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                              CRIMINAL NO. 05-37

VERSUS                                                                                SECTION "N"

DONALD TUCKER

### ORDER AND REASONS

Defendant Donald Tucker ("Tucker") seeks relief from operation of the Court's judgment denying his initial 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Having carefully considered the parties' submissions, and applicable law, **IT IS ORDERED** that the motion is **DENIED** for the reasons set forth below.

### I. BACKGROUND

Seven years ago, a jury sitting before this Court convicted Tucker of the following three charges: carjacking which resulted in serious bodily injury, in violation of 18 U.S.C. §§ 2119 and 2; using and brandishing a firearm during and in relation to the commission of a violent crime, in violation of 18 U.S.C. § 924(c)(1); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Rec. Doc. No. 119. The Court sentenced Tucker to a prison term of 65 years, an upward departure from sentencing guidelines. Rec. Doc. No. 151.

On direct appeal, the United States Court of Appeals for the Fifth Circuit affirmed Tucker's conviction and sentence. Rec. Doc. No. 183. Three years later, on October 20, 2009, Tucker commenced a collateral attack on his conviction and sentence pursuant to 28 U.S.C. § 2255. Rec. Doc. No. 185. This Court subsequently denied the request for relief. Rec. Doc. No. 194.

On November 28, 2012, Tucker filed the instant motion under Federal Rule of Civil Procedure 60(b) challenging the Court's resolution of his § 2255 petition. Rec. Doc. No. 195. As

the basis for relief from operation of the order denying the habeas petition, Tucker contends that the Court failed to address the merits of two claims submitted in the first request for habeas relief. Rec. Doc. No. 195 at 1.

## I. LAW AND ANALYSIS

Tucker styles the instant petition as one made under Rule 60(b)(6) of the Federal Rules of Civil Procedure, rather than a second or successive § 2255 motion. Rule 60(b) permits the Court to grant a party relief from an order or judgment, and reopen a case, on certain enumerated grounds. Fed. R. Civ. Pro. 60(b). In this instance, Tucker has fastened his prayer to the "catch-all" provision of the rule, which allows the court discretion to intervene for "any other reason that justifies relief." Fed. R. Civ. Pro. 60(b)(6). Despite its Rule 60(b) styling, the substance of the motion- not the label- will determine the treatment it is afforded. *United States v. Elwood*, CRIM.A. 92-469, 2011 WL 5870544 (E.D. La. Nov. 21 2011) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005)). As with generally any Federal Rule of Civil Procedure, Rule 60(b) is certainly available to Tucker, but, in a habeas proceeding, its application is limited "to the extent that they are not inconsistent with any statutory provisions or these rules." *In re Nailor*, 487 F.3d 1018, 1021 (6th Cir. 2007) (quoting Rule 12, Rules Governing Section 2255 Proceedings). Because successive § 2255 motions face strict procedural hurdles, the threshold question in this case is whether the pending matter is a true Rule 60(b) petition or a second § 2255 motion. *See United States v. Booty*, CRIM.A. 07-182, 2012 WL 2061628, at *1 (E.D.La. June 7, 2012) (discussing the requirements to overcoming the statutory bar to successive § 2255 motions).

For a federal prisoner, § 2255 serves as "a statutory collateral avenue for attacking the district court's subject matter jurisdiction to enter his conviction and sentence after they have

2

become final." *Pena v. United States*, CRIM.A. 97-145, 2007 WL 101039, at *2 (E.D. La. Jan. 5, 2011). The § 2255 motion "provides the primary means of collaterally attacking a federal conviction and sentence. Relief under this section is warranted for errors that occurred at trial or sentencing." *Id.* (quoting *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)) (internal quotations omitted). Under this statute, a prisoner serving a federal sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence" for the following reasons: (1) the imposition of the sentence violated the law or Constitution; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the authorized maximum; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

A second or successive § 2255 motion must adhere to the explicit restrictions established by Congress on the authority of the federal courts to adjudicate such motions. *See* 28 U.S.C. §§ 2244, 2255(h). In particular, a three-judge appellate panel must certify a successive motion for appeal prior to filing, and may do so only if it contains either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(1)-(2). Without a certificate of appealability (COA) from the appropriate court of appeals, the district court does not have jurisdiction over a successive § 2255 motion. *Pena*, 2007 WL 101039, at *2 (citing *United States v. Rich*, 141 F.3d 550, 553 (5th Cir. 1998)).

After a § 2255 petition has been dismissed, Rule 60(b) remains an available avenue for a federal prisoner, but only to the extent that the motion attacks "some defect in the integrity of the federal habeas proceedings, rather than "the substance of the federal court's resolution of a claim on

3

the merits." *United States v. Elwood*, No. 92-469, 2011 WL 5870544 at 2 (E.D. La. Nov. 21, 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005)).  In *United States v. Elwood*, for example, the court held that a Rule 60(b) motion was properly styled when the prisoner merely argued that he was not afforded an opportunity to review and reply to the government's response before the denial of an earlier habeas motion.  2011 WL 5870544 at *2.  Disregarding the government's contention that this was an attempt at another § 2255 petition, the court reasoned that an argument regarding the prisoner's "inability to review the government's response or file a reply memorandum relates to the integrity of the habeas proceedings." *Id.*  Because said argument did not attack the substance of the prior ruling, the court concluded that the motion was properly entertained under Rule 60(b).  *Id.*; *cf. United States v. Smith*, CRIM. 03-12-FJP-SCR, 2011 WL 1113972, at *2 (M.D. La. Mar. 24, 2011) (recharacterizing a rule 60(b)(6) motion as a successive attack on the substance of a claim on the merits when it asserted a change in the substantive law).

Similar to the motion in *Elwood*, which simply attacked the adequacy of the prisoner's opportunity to respond, the instant motion argues only that two claims presented in the  § 2255 petition went unaddressed by the Court.  Tucker's mere allegation that the claims were overlooked is a distinct challenge to the integrity of the habeas proceeding; it is not an attack on the Court's previous resolution of a claim on the merits.  Thus, the Court finds that Tucker properly filed his motion under Rule 60(b).  Nevertheless, he must demonstrate extraordinary circumstances to obtain relief under Rule 60(b)(6).  *United States v. Hicks*, 286 F. Supp. 2d 768, 769 (E.D. La. 2003) (citing *Ackerman v. United States*, 340 U.S. 193, 199-200 (1950)).

In this case, the supposedly unaddressed claims include a jurisdictional argument that the government failed to establish a sufficient basis for a federal conviction, and a claim of actual

innocence of the sentencing enhancement imposed by the court. Rec. Doc. No. 185 at 15. According to Tucker, the Court's alleged failure to address the merits of these arguments resulted in a violation of his constitutional right to due process of the law. Rec. Doc. No. 195 at 3. A careful review of the record, however, reveals that, despite Tucker's assertions, the arguments were addressed by the Court. See Rec. Doc. No. 193; Rec. Doc. No. 192. In denying Tucker's initial § 2255 motion, the Court agreed with the government and adopted its memorandum in opposition to the request for habeas relief. Rec. Doc. No. 193. The government's memorandum addressed all of Tucker's claims, including both the jurisdictional and actual innocence arguments now at issue. *See* Rec. Doc. No. 192 at 5, 12. Because Tucker's allegation is unfounded, and he fails to demonstrate any other reason justifying relief, the Court declines to vacate its prior ruling denying Tucker's § 2255 motion.

Accordingly,

**IT IS ORDERED** that Tucker's motion pursuant to Rule 60(b)(6) is **DENIED.**

New Orleans, Louisiana, this 4th day of March, 2013.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**